### E. P. SALE *v.* J. W. FRENCH.

ATTACHMENT.   *Claimant's issue.   Judgment of condemnation.*
   A judgment against the defendant in an attachment suit is in legal effect a judgment condemning the property to sale. It is not necessary that there should be a formal judgment of condemnation.

APPEAL from the Circuit Court of Monroe County.
HON. J. W. BUCHANAN, Judge.

On April 18, 1881, E. P. Sale sued out an attachment against H. D. Spratt and A. H. French for two thousand two hundred dollars which they, as partners, owed him. Personal property was seized and claimed by J. W. French; but he failed to give bond, and the sheriff sold the property. Issue tendered by the plaintiff in attachment was joined by the claimant. Spratt and French traversed the grounds of attachment stated in the plaintiff's affidavit. On May 5, 1882, while affairs were in this condition, the proceedings were had, which are shown by the following entry:—

E. P. SALE
    *v.*     ⎰ 12902.
SPRATT & FRENCH. ⎱

Came the parties by their attorneys, and thereupon came a jury of good and lawful men, to wit: A. T. Walden and eleven others, who, having been duly elected, tried, and sworn well and truly to try the issue joined between the parties on the traverse of the defendants of the several grounds of attachment contained in the plaintiff's affidavit, upon their oaths do say they find the issue for the plaintiff; and afterward came the plaintiff with the claim made by him against the defendants in his declaration, and the defendants, being called to answer thereto, came not but made default. It is thereupon considered by the court that plaintiff recover of defendants the sum of one thousand four hundred dollars ($1,400) damages, sustained by reason of the non-performance of the promise and assumption in the declaration mentioned, together with the costs in this behalf expended. And it appearing to the court from the return of the sheriff on the writ of attachment in this cause that certain personal property was levied on thereunder, to wit: [Here follows a description of the property], and that J. W. French made claim to said property without bond, and the property was sold by the sheriff as perishable for the sum of nine hundred and fifty dollars ($950), which remains in his hands, to be adjudged to the plaintiff in case it be decided in said claimant's issue to be liable to plaintiff's attachment, it is further considered by the court that any judgment of condemnation or appropriation be now deferred until the final determination of said claimant's issue.

On the same day the claimant's issue was tried and resulted in a verdict for the plaintiff in attachment, which was entered with an order condemning the money in the sheriff's hands and ordering him to pay it to the plaintiff. But the claimant appealed from this judgment, and the supreme court, in *French* v. *Sale*, 60 Miss. 516, reversed and remanded the case for a new trial of the issue. The plaintiff in attachment on May 8, 1883, moved for a judgment of condemnation *nunc pro tunc* as to Spratt & French, but his motion was overruled. On May 9, 1883, he moved for judgment of condemnation on the verdict and judgment by default of May 5, 1882, and this motion was overruled. The claimant then moved the

court to discharge the levy on the ground that the plaintiff in attachment by taking personal judgment without an order of condemnation waived his lien; and this the court sustained. A jury was then impaneled and instructed to find the issue for the claimant—which they did, and the plaintiff in attachment appeals from the judgment.

*Murphy, Sykes & Bristow,* for the appellant.

Where a claimant's issue is pending no judgment of condemnation of the attached property is necessary in the preceding judgment against the defendants. A verdict on the traverse of the attachment grounds with a judgment *in personam* is sufficient. The question to be tried in the claimant's issue is whether the property is liable to the attachment, and it would be illogical to condemn it before trial. Judgment never follows immediately on sustaining the attachment, but awaits the personal issue of debt or no debt (Code 1880, § 2441), and should await the determination of a stranger's claim to the property. The expression used in the case of *French* v. *Sale,* 60 Miss. 516, 529, had no reference to a case like this. Evidence touching the liability of the property is inadmissible at the trial of the defendants' plea in abatement, and the claimant, who is no party to that issue, is not bound by the verdict. Will the court require a useless entry? What is the claimant's issue? It is not whether the property belongs to the claimant, but whether it is subject to attachment and condemnation as the property of the defendants. The plaintiff must show property in the defendants, or he will fail. The claimant may succeed by showing property not in himself but in some third party. Code 1880, § 1777; *Irion* v. *Hume,* 50 Miss. 419; *Waddell* v. *Magee,* 53 Miss. 687. The claimant denies by his claim that the defendant had any interest in the property liable to attachment and condemnation, because if he admits even a limited interest in the property in the defendant, his claim falls to the ground. *Willis* v. *Loeb,* 59 Miss. 172. The question, therefore, to be tried is whether the defendant has any interest whatever in the property, and the *prima facie* case made by the affidavit is that he has not. Is it not then a palpable contradiction in terms to say there must be a

precedent condemnation of the property as against the defendant, when the record shows that an issue is pending and undetermined as to whether it can be condemned as against the defendant, and that a *prima facie* case has been made that it cannot be so condemned? The Statute, Code 1880, § 2460, is but the enactment in statutory form of the rule already laid down by this court. It provides that the claimant's issue shall not be tried until judgment has been rendered in favor of the plaintiff in the attachment suit. The reason of this provision is plain and has been fully stated by this court in the various decisions upon this point. There must be an indebtedness judicially ascertained before property can be condemned to satisfy it. The effect of the decisions in the cases of *Mandel* v. *McClure,* 14 S. & M. 11; *Maury* v. *Roberts,* 27 Miss. 225; *Sherwood* v. *Houston,* 41 Miss. 59; *Dickman* v. *Williams,* 50 Miss. 500, is only that there should be a judgment establishing the debt against the defendant. If, however, the order of condemnation was necessary, the whole matter was *in fieri.* Enough appeared in the record to justify the entry *nunc pro tunc.* Was it ever before heard that a judgment could not be entered in accordance with a recorded verdict because an adjournment intervened? In fact, however, when closely examined, a conditional condemnation appears in the entry.

*Houston & Reynolds,* for the appellee.

Errors in the attachment suit cannot be corrected in the claimant's suit, and certainly not on this appeal. *Ford* v. *Hurd,* 4 S. & M. 683; *Whitehead* v. *Henderson,* 4 S. & M. 704; *Matheny* v. *Galloway,* 12 S. & M. 475; *Erwin* v. *Heath,* 50 Miss. 795; *Atkinson* v. *Foxworth,* 53 Miss. 741; *Sadler* v. *Prairie Lodge,* 59 Miss. 572. That record, which cannot be corrected, contains no judgment of condemnation. Such an order is essential. A claimant may decline a contest with one not eligible for it; may dispute the right of the plaintiff to have a trial of an issue with him. One is not "eligible" to have a contest with the claimant unless he has a judgment condemning the property which is claimed. *Swayze* v. *McCrossin,* 13 S. & M. 317; *Bias* v. *Vance,* 32 Miss. 198; *Philips* v. *Hines,* 33 Miss. 163, 164; *Redus* v. *Wofford,* 4 S. & M. 579;

*Dyson* v. *Baker*, 54 Miss. 24 ; *Wasson* v. *Cone*, 86 Ill. 46 ; *Staunton* v. *Harris*, 9 Heisk. 579.; Freeman on Judgments, § 606. A proceeding to enforce a mechanic's lien is very similar to the proceeding by attachment. In the former, there can be a judgment enforcing the lien against specific property and a personal judgment, and so in attachment. It is held that in a proceeding to enforce a mechanic's lien, if the plaintiff takes a general judgment it is a waiver of the special lien given by the statute, and that if a general execution is sued out on the special and general judgment, it is a waiver of the special execution. *Richardson* v. *Warwick*, 7 How. 131 ; *Kirk* v. *Taliaferro*, 8 S. & M. 754 ; *Sharpe* v. *Spengler*, 48 Miss. 360. Suppose the defendant not served with process and the judgment rendered on publication only, in such a case there must be a judgment condemning the attached property. When process is served, the only difference is, that in addition to the judgment condemning the thing there is a personal judgment also. In an attachment when the defendant is served or appears, the plaintiff is given the right of a judgment against the property and against the person, and this right he may waive, and if he takes a personal judgment he elects to waive his judgment against the property ; if he takes the judgment against the property and no other, he will be regarded as having elected to waive the personal judgment. *Sharpe* v. *Spengler*, 48 Miss. 360.

Cooper, J., delivered the opinion of the court.

While it has been repeatedly said by this court that in suits by attachment the plaintiff must recover a judgment of condemnation against the property seized before he can enter into a contest with a claimant of such property, it has never been held that to constitute such judgment there must be a formal sentence of condemnation, such as is made in proceedings strictly *in rem.* As to the property seized, these proceedings have frequently been styled proceedings *in rem,* and it is not altogether incorrect so to designate them, since the property is *in custodia legis,* and is specifically subjected to the satisfaction of the plaintiff's demand ; but such suits are also proceedings *in personam,* since it is the personal obilgation of

the defendant owner which is the foundation of the suit, and it is not necessary that the property seized should have had any sort of connection with the contract sued on. The property seized is not the debtor to the plaintiff, but stands in the suit in which it is attached as the representative of its owner, the defendant. The right to attach is simply the right to seize the property of the debtor and to deal with it as his representative. By the seizure of the thing the right becomes initiate and is consummated by the recovery of the judgment against the owner. If the defendant is served with process or appears and defends, a general judgment may be rendered against him, upon which a general execution may issue. If the court fails to obtain jurisdiction of the person of the defendant, a general judgment is rendered, but its execution is restricted to the property seized. Code 1880, § 2467. The legal effect of a judgment against the defendant is to condemn the property seized to sale, and though the practice is to make an order of condemnation in the judgment, it is not necessary to do so.

*Judgment reversed.*