ELECTA W. YARNELL

*v.*

LEPHIA O. BROWN.

*Opinion filed December 22, 1897.*

1. JUDGMENTS AND DECREES—*assignee of judgment takes only an equitable interest therein.* A judgment is not assignable so as to vest a legal title in the assignee, and the assignee takes only an equitable interest therein subject to existing equities between the parties thereto.

2. SAME—*when assignee of judgment will be protected against latent equities of third persons.* An assignee of a judgment who has parted with a valuable consideration therefor will be protected against a latent equity of a third person of which he was ignorant, provided his equity is equal to that of such third person.

3. SAME—*the lien of a judgment is general.* The lien of an ordinary judgment is general, and not against any specific portion of the debtor's property, and is subject to existing equities.

4. MORTGAGES—*mortgagee has an equitable interest in land intended to be mortgaged but misdescribed.* One who parts with his money upon the security of a particular tract of land which is misdescribed in the mortgage has merely an equitable interest therein.

5. LIENS—*equity of mortgagee in misdescribed land is superior to lien of general judgment.* The equity of a mortgagee in a tract of land intended to be mortgaged to him, but which is misdescribed, is superior to the lien of a general judgment against the mortgagor, rendered before the mistake in description had been corrected.

6. SAME—*equity of mortgagee in misdescribed land is not superior to lien of attachment judgment.* The equity of a mortgagee in a misdescribed tract of land is not superior to the lien of an attachment judgment against such tract, rendered before the misdescription had been corrected and before the attachment plaintiff had notice of the mortgagee's equity therein.

7. SAME—*when equity of assignee of judgment will be protected against equity of the mortgagee.* The equity acquired by the assignee of an attachment judgment against land will prevail against that of a mortgagee in the same tract, which was to have been conveyed to the latter as security but which was misdescribed, where the assignee purchased the judgment for a valuable consideration, in ignorance of the mortgagee's rights.

8. SAME—*assignment of attachment judgment to attorney—how far his lien will be protected.* The lien acquired in a tract of land by an attorney under an attachment judgment, which was assigned to him as security for services performed and for future services, will be

protected against the latent equity of a third person only to the extent of the value of the services rendered before the attorney had notice of such third person's rights.

9. ATTACHMENT—*appearance of defendant and rendering of general judgment does not release attachment lien.* The appearance of the defendant in attachment proceedings and the rendition of a general judgment against him do not operate as an abandonment of the attachment proceedings nor release the attachment lien.

10. APPEALS AND ERRORS—*one cannot complain of error which concerns another alone.* The defendant in foreclosure proceedings whose rights alone are affected by the decree is the only party who can complain of the alleged error of the court in vacating the decree at a subsequent term, on motion of the complainant, in order to correct a misdescription of the mortgaged premises, instead of proceeding by bill of review.

*Yarnell* v. *Brown*, 65 Ill. App. 83, reversed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Christian county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

W. L. GROSS, and E. S. ROBINSON, for appellant:

A judgment or decree entered upon an unauthorized appearance will not be set aside or opened to the prejudice of innocent third parties. *Kenyon* v. *Shreck*, 52 Ill. 382.

A party cannot be heard to complain of an error which he has himself induced the court to commit. *Smith* v. *Kimball*, 128 Ill. 583.

Having entered a final decree in foreclosure and adjourned for the term, the court loses jurisdiction of the cause, save only the power to rectify defects or imperfections in matter of form and in affirmance of the judgment. Statute of Amendments and Jeofails, sec. 2; *Hugh* v. *Goodrich*, 59 Ill. 459; *Lilly* v. *Shaw*, id. 72; *State Savings Inst.* v. *Nelson*, 49 id. 171; *Fielding* v. *People*, 128 id. 595.

A motion to vacate a judgment, made at a subsequent term, is a direct and original proceeding, and the parties to be affected must be before the court. *Claflin* v. *Dunne*, 129 Ill. 241.

Courts cannot, at a subsequent term, set aside judgments and decrees, or amend them, except in form, and then only upon notice. *Ayer* v. *Chicago*, 149 Ill. 262; *Ives* v. *Hulce*, 17 Ill. App. 30.

The court has no power, at a subsequent term, to make an order dismissing a suit which will have the effect to set aside a final decree of foreclosure, and sale may be made notwithstanding such order. *Kirby* v. *Runals*, 140 Ill. 289.

A bill of review is the proper remedy to reverse or modify a decree that has been signed and enrolled, for error in law apparent on the face of the decree, or on account of new facts discovered since the decree was entered in the original cause. 3 Ency. of Pl. & Pr. p. 570, note 1; *Bramblet* v. *Pickett*, 2 A. K. Marsh. 10; *Stewart* v. *Beard*, 3 Md. Ch. 227; *Hodges* v. *Davis*, 4 Hen. & M. 400.

A purchaser is presumed to have notice of any defect of title apparent on the face of his title papers or by the record, and will be required to take notice of the title or claim of persons in possession, but is not required to look for latent defects in the chain of conveyances, when regular on their face and apparently conveying the legal title. *Dickerson* v. *Evans*, 84 Ill. 455; *Robbins* v. *Moore*, 129 id. 44; *Moore* v. *Hunter*, 1 Gilm. 317.

A judgment lien attaches to whatever interest in real estate the record discloses in the judgment debtor, in the absence of notice from other sources; and notice, at the time of the levy of execution and sale, of an unrecorded deed or mortgage will avail nothing as against the force of the lien. *Martin* v. *Dryden*, 1 Gilm. 188; *Massey* v. *Westcott*, 40 Ill. 160; *Buggy Co.* v. *Graves*, 108 id. 462.

G. Fred Rush, and J. C. McBride, for appellee:

A judgment is a chose in action, and not assignable, and an assignee can acquire no greater rights by the assignment than had the assignor. *McJilton* v. *Love*, 13 Ill. 487; *Hughes* v. *Trahern*, 64 id. 49; *Padfield* v. *Green*, 85 id.

529; *Winslow* v. *Leland*, 128 id. 337; *Bank* v. *Taylor*, 131 id. 377; *Sutherland* v. *Reeve*, 41 Ill. App. 303.

An order announced by the court authorizing a decree by the memoranda made upon his docket, is not a decree, but only a guide in preparing decree, and has no binding effect until the decree is prepared and approved by the court. Even the filing of a decree with the clerk in vacation, without the approval or order of the court, does not constitute it a decree. *Stevens* v. *Coffeen*, 39 Ill. 148; *McLain* v. *Vanwinkle*, 46 id. 406; *Hughes* v. *Washington*, 65 id. 245; *Edwards* v. *Evans*, 61 id. 492; Black on Judgments, secs. 301, 328.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On September 1, 1876, James S. Woolley owned and resided upon a farm of one hundred and thirty-seven acres in Christian county, and on that day executed, with his wife, a mortgage to the appellee, Lephia O. Brown, to secure the payment of $1000 borrowed money five years after date, with interest to be paid annually, intending to mortgage a forty-acre tract of the farm which was situate in range 1, east of the third principal meridian, but by mistake the land was described as being in range 1, west. Woolley had also given an unsecured note for $600 to one Spaulding, who in 1889 gave that note to the appellant, Electa W. Yarnell, a daughter of Woolley. On July 22, 1889, Mrs. Yarnell began an attachment suit upon that $600 note against her father, who had become a non-resident, and caused the attachment writ to be levied upon the forty-acre tract which Woolley and Mrs. Brown intended to be, and supposed was, included in the mortgage. Woolley entered his appearance in the attachment suit, and on June 6, 1890, a general judgment was rendered against him in favor of Mrs. Yarnell for $1283.21, which she on the same day assigned to her attorney, William L. Gross, to secure him for services

rendered and to be rendered for her as such attorney. Woolley paid the interest on his indebtedness to Mrs. Brown up to September 1, 1889, but the interest due September 1, 1890, was not paid, and on November 7, 1890, the original bill in this case was filed by Mrs. Brown for the foreclosure of her mortgage. At the March term, 1891, the appearance of Woolley was entered in writing in the foreclosure suit, his default was taken, and the judge entered on his docket the usual order for a decree of foreclosure and sale for $1138.35, with costs. Up to this time the mistake in the mortgage had never been detected, but it was discovered before the decree was entered by the clerk, and no decree was ever entered at large upon the records. The entire entry of record was a transcript of the judge's minutes, without the description of any property or any of the usual provisions. An execution having been issued on the judgment in the attachment suit, the land in question was sold June 19, 1891, to Gross for $1434.24, the amount due on the judgment with costs, and he received a certificate of purchase. The error in the mortgage having been discovered, the previous orders and decree in the cause were at the August term, 1891, on the motion of Mrs. Brown, set aside, with leave to amend the bill and make new parties. The bill was amended, setting up the mistake and asking a correction, and making Mrs. Yarnell and her husband and Gross defendants. They were served for the November term, 1891, and answered the amended bill. Their answers were afterward amended, and their defense was that the court had no right to set aside the former decree and that they had no notice of the mistake or of Mrs. Brown's rights. Woolley answered admitting all the allegations of the amended bill. Pending the litigation Gross obtained a sheriff's deed, January 4, 1895. On a hearing a decree was entered finding that Mrs. Yarnell had notice of the equities of Mrs. Brown; that her interest and that of Gross were subject to the mortgage lien, and that the

husband, W. R. Yarnell, had no interest in the premises.
The decree corrected the mistake and ordered a fore-
closure and sale. Mrs. Yarnell and Gross appealed to
the Appellate Court, where the decree was reversed and
the cause remanded to the circuit court, with directions
to ascertain the amount due Gross from Mrs. Yarnell and
make his claim the first lien to that amount, to make
the amount due Mrs. Brown a second lien and to order a
sale accordingly. From that judgment Mrs. Yarnell has
prosecuted this appeal, and Mrs. Brown has assigned
cross-errors upon the record.

It is insisted on behalf of the appellant that the
circuit court had no power, at the August term, 1891, to
set aside its decree of the March term preceding, on the
motion of appellee, but that appellee misconceived her
remedy and should have proceeded by a bill of review.
That decree was against James S. Woolley, and he was
the only one whose rights were in any manner affected
by the method employed to set aside the former decree.
It is no concern of appellant that it was done by a mo-
tion, rather than upon an issue formed or by default upon
a bill of review. The only party interested in that ques-
tion has found no fault with the method but is content
with the order, and appellant cannot be heard to object
for him.

It is also claimed that appellant had no knowledge
of the mortgage or of the land intended to be conveyed
thereby; but we are well satisfied with the conclusion
of the circuit and Appellate Courts that she had such
knowledge and that her rights were subordinate to those
of appellee.

The remaining question is whether the equities of
William L. Gross are superior to those of appellee, and
if so, to what extent. A judgment is not assignable, at
common law or under our statute, so as to vest a legal
title in the assignee, and the purchaser obtains only an
equitable interest. (*McJilton* v. *Love*, 13 Ill. 486; *Hughes*

v. *Trahern,* 64 id. 48.) The purchaser takes the judgment subject to all equities existing between the parties to it. It has been the rule in this State that the purchaser of certain things in action will be protected against the latent equities of third persons of whose rights he could know nothing. Thus, in the case of mortgages it has been repeatedly held that an assignee is so protected against such equities. (*Olds* v. *Cummings,* 31 Ill. 188; *Silverman* v. *Bullock,* 98 id. 11; *Himrod* v. *Gilman,* 147 id. 293; *Humble* v. *Curtis,* 160 id. 193.) But in order to make that rule applicable the equities must be equal. If the assignee is a mere donee, or the lien acquired is inferior in its nature to another equity, he will not be preferred. The lien of an ordinary judgment is general, and not specific against any particular thing. It only extends to what the debtor really has, subject to the equities in it at the date of the judgment. A mortgagee deals with particular property, and in this case appellee parted with her money upon the security of a particular tract of land which was misdescribed, so that her right was equitable only, but the equitable interest was in that particular tract. Such an equity would be regarded as superior to that of appellant, so far as her judgment was a general lien upon the property of her father, James S. Woolley. The appearance of Woolley was entered in the attachment suit and a general judgment was rendered against him, and it is argued on behalf of appellee that the attachment was thereby abandoned and the lien of the attachment released, so that the lien of the judgment became a general one. We do not think that such is the effect of the judgment. It is true that execution might issue thereon, not only against the property attached but the other property of Woolley, and yet the lien as to the particular tract of land levied upon was preserved, and appellant was not put in a worse position by the appearance and general judgment than she would have been if Woolley had not appeared. It appears, therefore, that

so far as the liens upon the land are concerned the equities are such that the same rule applied in the assignment of mortgages should prevail, and the rights acquired by Gross without notice should be protected.

When the assignment was made to Gross he had rendered services to appellant which the judgment was assigned to secure, but it was also intended to secure payment for services and expenses to be rendered in the future, and he continued to render services and incur expenses after he and appellant were brought into this suit and had full notice of appellee's equities. For these services and expenses subsequent to such notice, and in defending appellant's claim and his own to priority over appellee in this suit, he charged and claimed the right to payment out of the judgment. By this means there has been a very large increase in his claim after actual notice of appellee's equities. The only valuable consideration actually passing between him and appellant prior to notice were the services performed and the expenses incurred up to that time. A valuable consideration is an essential requisite to secure an equitable right to precedence in such a case as this, and if notice is received before the consideration is actually parted with, it must he held a valid and binding notice, which will preclude an assignee from acquiring any right upon a subsequent consideration as against the prior equity. After such notice Gross was not bound to perform the services or incur the expenses upon the faith of the security, and would have had ample relief against his agreement on account of the failure of the security. To permit him, after notice, to go on and consume the whole or a large part of the value of the property in litigation, to the further impairment or destruction of the prior equitable right, would be most inequitable and unjust. He testified to his subsequent services and disbursements, and his charges therefor, as well as the continuing charges in this litigation, and the judgment of the Appellate

Court directed the circuit court to ascertain the amount due him from appellant and allow the same as a first lien. We think that this was wrong.

The judgment of the Appellate Court and decree of the circuit court are reversed and the cause is remanded to the circuit court, with directions to ascertain the amount equitably due to William L. Gross from appellant for services and expenses to secure which the judgment was assigned to him, up to the service of process on him under the amended bill in this case, and to make his claim a first lien for such amount and appellee's mortgage a second lien, and to enter a decree of foreclosure accordingly.        *Reversed and remanded.*