### HERMAN BROTHERS V. HAYES & JONES.

FILED FEBRUARY 23, 1899.  No. 8650.

**Attachment:** DISCHARGE AFTER JUDGMENT. A court is without authority to hear and determine a motion to discharge an attachment filed before judgment in the action, but not submitted until after judgment. Third point in the syllabus of *Slutzner v. Printz*, 43 Neb. 306, overruled.

ERROR from the district court of Lancaster county. Tried below before HOLMES, J. *Reversed.*

*Bane & Altschuler*, for plaintiffs in error.

*Lamb & Adams, contra.*

SULLIVAN, J.

Herman Bros. commenced this action before E. E. Spencer, a justice of the peace for Lancaster county, to recover of Hayes & Jones an alleged indebtedness of $44. The action was aided by attachment. The summons was returnable August 15, but by agreement of the parties the trial of the cause was postponed to a later day. At the time agreed upon the evidence was submitted and a judgment rendered in favor of the plaintiffs for the full amount of their claim, together with the costs of the action, taxed at $5.70. Just prior to the commencement of the trial the defendants filed a motion to discharge the attachment, but did not press it to a hearing, nor, so far as the record shows, make any attempt to do so. After judgment was rendered the plaintiffs moved for an order to sell the attached property, and the defendants presented their motion to dissolve the attachment. The former motion was denied, the latter sustained, and the costs taxed to the plaintiffs. To secure a reversal of these orders Herman Bros. prosecuted error to the district court, where the rulings of the justice were ap-

proved and a judgment rendered dismissing the proceeding. The costs, amounting to $48.08, were taxed to the plaintiffs.

The question for decision is the authority of the justice of the peace to entertain the motion to discharge the attachment after judgment in the action. By section 235 of the Code of Civil Procedure it is provided: "The defendant may, at any time before judgment, upon reasonable notice to the plaintiff, move to discharge an attachment, as to the whole or a part of the property attached." This section confers upon an attachment defendant the right to apply to the court for a release of property claimed to be wrongfully held under an order of attachment. It contains also a limitation upon the exercise of the right. The application must be made within the time and in the manner fixed by the statute. It is not sufficient to place a motion among the files of the case; that does not meet the requirements of the law, which clearly contemplates that the matter shall be brought to the attention of the court and its action invoked thereon. Such was the construction adopted in *Moline, Milburn & Stoddard Co. v. Curtis*, 38 Neb. 520, where NORVAL, J., delivering the opinion, said: "The only reasonable construction of the section quoted is that the authority of the court to dissolve an attachment is limited to cases where a motion to discharge is filed before judgment; in other words, where such a motion is seasonably made and submitted to the court for its decision thereon, but through inadvertence or otherwise no ruling has been made before final judgment on the merits, the court has jurisdiction to rule upon the motion after such judgment." In the case of *Stutzner v. Printz*, 43 Neb. 306, the court, while professing to follow *Moline, Milburn & Stoddard Co. v. Curtis*, decided that a motion to dissolve an attachment filed before judgment might be submitted and ruled on after judgment. The decision is apparently the result of a misconception of the point decided in the earlier case. It does not assume to

stand on an independent exposition of the statute and cannot be accepted as a precedent. The motion in the case at bar not having been brought to the attention of the court before judgment, and no notice having been given to the plaintiffs as required by section 235 of the Code, the justice of the peace was without power to discharge the attachment. The judgment of the district court is therefore reversed and the cause remanded.

REVERSED AND REMANDED.