JOSEPH COULSON, APPELLEE, V. HANNAH SALTSMAN ET AL.,
APPELLANTS.

FILED MARCH 17, 1904.  No. 12,899.

1. **Attachment Lien:** CREDITORS' SUIT.  The lien acquired by attachment or garnishment is not lost by taking a general money judgment against the defendant without an order for the sale of the attached property, where the creditor has used due diligence in the prosecution of a creditor's bill.

2. ——: ——: EXECUTION.  A creditor by the levy of attachment upon land acquires a specific lien sufficient to support a suit in the nature of a creditor's bill to remove obstructions from the title calculated to make a sale unprofitable, and in such case the issuance of an execution and return *nulla bona* is not a preliminary prerequisite.

3. ——: ——: DORMANT JUDGMENT.  Where a creditor has acquired a specific lien by the levy of an attachment, he is entitled to maintain a creditor's bill to remove obstructions to a sale of the premises, without reference to whether the judgment at law has, during the pendency of such creditor's suit, become dormant.

4. **Action Against Heirs:** PARTIES.  Under the decedent law of this state, a nonresident who claims a life interest in lands located in this state, by virtue of a will which has never been probated in the courts of this state, is not a necessary party to a suit against the heirs at law of the decedent to subject the land to payment of the claims of creditors.

5. **Evidence.**  Evidence examined, and found sufficient to sustain the finding and decree of the trial court.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE.  *Affirmed.*

*H. H. Wilson* and *Ricketts & Ricketts,* for appellants.

*E. F. Pettis, contra.*

KIRKPATRICK, C.

This is a suit in the nature of a creditor's bill by Joseph Coulson, appellee, against Hanna Saltsman and others, appellants.  It appears that on March 19, 1879, John Clark, Sr., who at that time and ever since has resided in

the state of Ohio, gave his note to appellee for $225 due January 21, 1880, with interest at 8 per cent. Some time about September 19, 1885, Clark became the owner of the land in controversy, being 80 acres situated in Lancaster county. On October 1, 1893, an action was commenced in the district court for Lancaster county by appellee upon the note. Appellee filed the necessary affidavit and procured the issuance of an order of attachment, which was levied upon the land in controversy on October 12, 1893. Such proceedings were had in the action that on March 12, 1895, appellee recovered a judgment against John Clark, Sr., for $486 and costs. On November 12, 1899, John Clark, Sr., executed a deed conveying the land to his wife, Martha J. Clark, which was recorded November 18, 1899. On July 12, 1886, John Clark, Sr., executed and delivered to his son, Sherman Clark, one of the appellees herein, a mortgage upon the above mentioned land in the sum of $1,000. Subsequently a second mortgage seems to have been executed to appellee, Sherman Clark, in the sum of $2,200. On August 5, 1895, Martha J. Clark, at that time the record owner of the land, died, leaving 9 children as her heirs at law, who are appellees herein. On January 29, 1896, appellee Coulson began this suit, pleading in his petition the execution and delivery of the note hereinbefore mentioned; the issuance and levy of the order of attachment upon the premises; the recovery of the judgment in said proceedings; that the sum due was wholly unsatisfied; that John Clark, Sr., was wholly insolvent; that the conveyance made by John Clark, Sr., to his wife, Martha J. Clark, was without consideration, and made with intent to defraud creditors; that the mortgages of John Clark, Sr., to his son Sherman Clark, were without consideration, and made with intent to defraud plaintiff and other creditors; that the deed to Martha J. Clark and the mortgages to Sherman Clark were clouds upon the title to the premises attached; that the premises were reasonably worth the sum of $2,000, but that they could not be sold because of the clouds cast thereon by the

deed and mortgages mentioned, and that plaintiff had only recently discovered that John Clark, Sr., was the owner thereof. The petition concluded with a prayer that the deed and mortgages be decreed fraudulent; be set aside and held for naught, and for the sale of the premises for the satisfaction of the judgment. Subsequently an amended petition was filed by appellee which set out the same matters, and, in addition, pleaded that an order had been made by the trial court for the sale of the premises under the attachment. To the amended petition, Sherman Clark filed a separate answer, alleging that the deed from his father to his mother was made in good faith, for a valuable consideration, and without any intent to defraud, hinder or delay creditors; that the mortgages executed to himself were for a valuable consideration, were made in good faith, and without intent to defraud, hinder or delay creditors, and denying generally all the other allegations of the petition. The remaining appellees joined in an answer admitting that they and Sherman Clark were the sole heirs of Martha J. Clark, deceased; that they were the owners in fee of the land in controversy; that the conveyance from John Clark, Sr., to their mother was made in good faith and for a valuable consideration, and without intent to defraud; and denying generally. To these answers was filed for reply a denial of new matter, and an allegation that the levy of plaintiff's attachment was long prior to the execution of the mortgages from Clark, Sr., to his son Sherman. The trial resulted in a finding and judgment canceling the deed and mortgage and directing the sale of the premises as prayed by appellee.

Appellants herein allege error in the judgment of the trial court: (1) That appellee had taken personal judgment against Clark, Sr., in the action upon the note, and had not obtained an order for the sale of the attached property, thereby waiving his attachment lien upon the premises; (2) that no execution had been issued and returned *nulla bona* upon the judgment, and therefore appellee, not having exhausted his remedy at law, could not

have the aid of this proceeding; (3) that appellee's judgment, at the time of the trial of this cause, had become dormant, and was not a lien upon the premises, and therefore he could not recover in this case; (4) that there was a defect of parties in the action for the reason that Martha J. Clark, who died testate, provided in her will that John Clark, Sr., should have a life estate in the premises, and that he should have been made a party to the creditors' suit. The questions presented will be considered in the order named.

It is first contended that appellee, having in his suit at law taken a personal judgment without procuring an order for the sale of the attached property, waived his lien. We are unable to discover any merit in this contention. Cases are cited from the supreme court of the state of Indiana which seem to sustain the view contended for by appellants, but an examination of the statutes of that state discloses provisions that differ in essential particulars from our own and prevent the cases cited from being authority in the case at bar. Appellee having acquired a specific lien upon the property by the levy of his attachment could only lose his lien by an order discharging his attachment. *Herman Bros. v. Hayes & Jones*, 58 Neb. 54. In the case at bar it will not be contended that appellee could have proceeded to sell without the aid of a court of equity to remove the cloud on the title created by the fraudulent conveyances, even if he had procured an order for the sale of the attached property, and the law will not require him to do a foolish or unnecessary thing. Appellee made seasonable application to a court of equity for relief, and this is all he could be required to do; and it would not be in accord with the principles of equity to hold that by failure to procure an order for the sale of the attached property, which would have been unavailing, he lost his lien.

The statute of Illinois is very similar to that of our own state in the matter of attachment, and in *Yarnell v. Brown*, 170 Ill. 362, the supreme court of that state said:

"The appearance of Wooley was entered in the attachment suit and a general judgment was rendered against him, and it is argued on behalf of appellee that the attachment was thereby abandoned and the lien of the attachment released, so that the lien of the judgment became a general one. We do not think that such is the effect of the judgment. It is true that execution might issue thereon, not only against the property attached but the other property of Wooley, and yet the lien as to the particular tract of land levied upon was preserved, and appellant was not put in a worse position by the appearance and general judgment than she would have been if Wooley had not appeared."

We are convinced of the soundness of the view expressed in the language quoted. The same view has been expressed by other courts. *Waynant v. Dodson*, 12 Ia. 22. It follows that the first contention of appellants can not be sustained.

The second and third contentions may conveniently be considered together. It is said that no execution having been issued upon the judgment at law at the time of the trial of this suit in the district court, and more than 5 years having elapsed after the entry of the judgment, the judgment was barred, and could not be made the basis of an equitable proceeding such as this. This point is not well taken. As we have seen, appellee, by the levy of his attachment upon the land, had acquired a specific lien, which was sufficient to entitle him to invoke the aid of a court of equity to remove an obstruction that might exist preventing the sale upon execution. This court has repeatedly held that in such cases the issuance of an execution and its return *nulla bona* are unnecessary. *Kennard, Daniel & Co. v. Hollenbeck*, 17 Neb. 362; *Merchants Nat. Bank v. McDonald*, 63 Neb. 363.

Again, it is urged that the judgment having become dormant, appellee had lost his lien upon the premises, and therefore at the time of the trial the evidence did not show that appellee was entitled to a decree. This position,

like the other, can not be sustained. Appellee having recovered a judgment in his action at law, in which the land had been attached, was entitled to a sale of the premises for the satisfaction of his judgment. As we have seen, by the levy of the attachment a specific lien was acquired upon the property, for the satisfaction of which he was entitled to a sale of the premises. It was disclosed that this sale could not be made until by the aid of a court of equity, certain fraudulent conveyances were vacated. A decree having been entered by the trial court in this proceeding vacating those conveyances, the right of appellee to the satisfaction of his judgment, in our opinion, did not at all depend upon whether the lien established had become dormant as a judgment lien or not. He was clearly entitled under the decree in this case to enforce his specific lien. *First Nat. Bank v. Gibson,* 60 Neb. 767. It is finally contended that John Clark, Sr., was a necessary party to a correct determination of this suit, and that, because of the failure to join him as a defendant, there is a defect of parties, which renders the judgment erroneous. We are unable to discover merit in this contention. It is disclosed by the record that appellants claimed title, not only by descent from the mother but by will duly executed by the mother. It is disclosed that the will mentioned contains a provision demising to John Clark, Sr., a life estate in the land in controversy. It is claimed that this will was duly probated in the courts of Ohio, but it is not contended that the will had ever been presented for probate or probated in the courts of this state. All of the appellants, as well as John Clark, Sr., are non-residents of this state, and under our decedent law it would appear that appellants, who are the children of Mrs. Clark, would, if the mother was the owner of the premises, acquire the title in fee simple on the death of the mother; and that John Clark, Sr., not having a homestead interest in the land, and not having resided in this state, would have no interest therein. It follows that he was not a necessary party to this proceeding. *Barney v. Bal-*

*timore City,* 73 U. S. 280; *Potter v. Phillips,* 44 Ia. 353; *Coffey v. Norwood,* 81 Ala. 512.

It is suggested in the reply briefs of appellants filed herein that the decree of the trial court is not sustained by sufficient competent evidence. We have carefully examined the evidence and are of opinion that no other judgment could have been entered by the trial court than that entered. The evidence establishes beyond question that the conveyances, that by deed and those by mortgage, were without consideration and in fraud of creditors.

It is therefore recommended that the judgment of the trial court be affirmed.

HASTINGS, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.