[Civil No. 2270.  Filed April 18, 1925.]

[234 Pac. 1084.]

## WILLIAM B. LOUNT, Appellant, v. M. P. HOLLADAY, Appellee.

1. ATTACHMENT—PERSONAL JUDGMENT MUST CONTAIN EXPRESS ORDER OF SALE OF ATTACHED PROPERTY IN ORDER TO RENDER LIEN EFFECTIVE.—Under Civil Code of 1913, paragraphs 1421, 1422, in order to make a lien of attachment effective and to subject property attached to judgment, a personal judgment for plaintiff must contain an express order of sale of property.

2. ATTACHMENT—EFFECT OF MERE PERSONAL JUDGMENT STATED—MOTION TO QUASH OR VACATE NECESSARY TO RELEASE ATTACH-

o

MENT LIEN WHEN PERSONAL JUDGMENT RENDERED IN FAVOR OF PLAINTIFF.—When a personal judgment has been rendered in favor of plaintiff who had attached personalty of defendant, failure to include order of sale of attached property in judgment as required by Civil Code of 1913, paragraph 1422, does not cause attachment to fall of its own weight, but a motion to quash or vacate is necessary in order to release lien.

3. ATTACHMENT—VACATION OF ATTACHMENT LIEN PROPERLY GRANTED, WHERE PERSONAL JUDGMENT CONTAINED NO ORDER OF SALE, AND ATTACHMENT CREDITOR DID NOT MOVE TO HAVE JUDGMENT AMENDED.—Where personal judgment in favor of plaintiff did not include express order of sale of attached property as required by Civil Code of 1913, paragraph 1422, and attachment creditor appeared and resisted motion to quash or vacate attachment lien without attempting to have judgment amended to conform to statute, court properly granted such motion.

4. BANKRUPTCY—TRUSTEE IN BANKRUPTCY OF DEFENDANT'S PROPERTY MAY MOVE TO QUASH ATTACHMENT LIEN WAIVED BY PLAINTIFF.—Where personal judgment in favor of plaintiff did not contain express order of sale of attached property, as required by Civil Code of 1913, paragraph 1422, a trustee in bankruptcy, who succeeded to defendant's interest in *res,* could move to quash lien of attachment as provided, in paragraph 1421.

See (1) 6 **C. J.,** p. 486.   (2) 6 **C. J.,** p. 486.   (3) 6 **C. J.,** p. 486.   (4) 6 **C. J.,** p. 435 (1926 Anno.).

APPEAL from a judgment of the Superior Court of the County of Maricopa. Dudley Windes, Judge. Affirmed.

Mr. J. B. Woodward and Mr. W. T. Sprowls, for Appellant.

Messrs. Silverthorn & Van Spanckeren, for Appellee.

LOCKWOOD, J.—On February 21, 1923, William B. Lount, hereinafter called plaintiff, brought suit in the superior court of Maricopa county against M. P. Holladay, hereinafter called defendant, on a promissory note in the sum of eighteen hundred ($1800) dollars, with interest and attorneys' fees.

In aid thereof, on February 23, 1923, plaintiff attached certain personal property of the defendant. Judgment was obtained on the note, June 23, 1923, which, so far as is material to this case, reads as follows:

"Wherefore it is ordered, adjudged, and decreed that William B. Lount, the plaintiff, do have and recover of and from M. P. Holladay, the sum of two thousand four hundred eleven and 82/100 ($2,411.82) dollars, with interest thereon at the rate of 8 per cent, per annum, from date hereof until paid, together with plaintiff's costs and disbursements incurred in this action, amounting to the sum of eleven dollars and eighty cents ($11.80)."

Nowhere in the judgment is there any reference of any nature to the attachment. October 9, 1923, defendant filed a petition in bankruptcy and one Leonard Metz, his trustee in bankruptcy, on November 26, 1923, moved to quash the writ of attachment on the ground that the judgment did not foreclose the attachment lien or direct the sale of the property attached, and that, by reason thereof, the attachment was abandoned and the lien released. This was resisted by plaintiff on the theory that no further proceedings were necessary to perfect his lien than those he had already taken, and that the trustee in bankruptcy had no right to the property. The trial court granted the motion to quash, and plaintiff appeals therefrom.

There are two questions before us; one is whether the failure to follow the provisions of paragraph 1422, Revised Statutes of Arizona of 1913, waived the lien of the attachment, and, the other whether the trustee in bankruptcy had the right, if there was such a waiver, to move to quash.

It is doubtless the general rule that, where the statute does not require a special order of foreclosure of the lien, or of sale of the property, the

taking of a mere personal judgment, such as the one in this action, does not waive the lien. *Low* v. *Henry,* 9 Cal. 538; *Brown* v. *Tucker,* 7 Colo. 30, 1 Pac. 221; *Pennsylvania Mortgage Investment Co.* v. *Gilbert,* 13 Wash. 684, 43 Pac. 941, 45 Pac. 43.

In all of the states so holding, however, there seems to be no statute requiring that the judgment contain an order of sale, or that any further steps be taken to enforce the lien, and many of the decisions refer to that fact. In the states where there is a special statute requiring a foreclosure of the lien and order of sale, or some special form of execution it seems, however, that a failure to follow the statute is construed as a waiver of the lien. *Moore Mfg. Co.* v. *Billings,* 46 Or. 401, 80 Pac. 422; *Lowry et al.* v. *McGee,* 75 Ind. 508; *Amyett* v. *Backhouse,* 7 N. C. 52; *Wasson* v. *Cone,* 86 Ill. 46.

The first line of cases proceeds on the theory that since no statute requires any further action to enforce the lien, the necessary legal effect of a personal judgment is to condemn the property to sale under the lien. *Sale* v. *French,* 61 Miss. 170–175; *Yarnell* v. *Brown,* 170 Ill. 362, 62 Am. St. Rep. 380, 48 N. E. 909.

The other group of authorities contends that since the property attached cannot legally be sold without compliance with some special statutory procedure, a failure to adopt such procedure waives the lien.

The provisions of our Civil Code of 1913, which we must consider in determining whether the lien be waived or not, are as follows:

1421. "The execution of the writ of attachment upon any property of the defendant subject thereto, unless the writ should be quashed or otherwise vacated, shall create a lien from the date of such levy on the real estate levied on, and on such personal property as remains in the hands of the attaching

officer, and on the proceeds of such personal property. as may have been sold.''

1422. ''Should the plaintiff recover in the suit the court shall, in its judgment, direct the proceeds of the personal property sold to be applied to the satisfaction of the judgment, and the sale of the personal property remaining in the hands of the officer and of the real estate levied on, to satisfy the judgment.''

As was said in *Wartman* v. *Pecka,* 8 Ariz. 8, 68 Pac. 534, our attachment statute came to us from Texas, and the decisions thereon in that state are very persuasive. Until 1879, Texas had no special provision as to the foreclosure of attachment liens or orders of sale thereunder, and it was held in *Wallace* v. *Bogel,* 66 Tex. 572, 2 S. W. 96, that, before that date, the recovery of a personal judgment impliedly foreclosed the lien, though the court apparently, although not expressly, recognized a different rule prevailed after the adoption of the statute. When we took the Texas statute of 1879, we dropped from it the words, ''such attachment lien shall be foreclosed as any case of other liens,'' but otherwise copied the statute *verbatim.* This phraseology first appeared in the Code of 1887, and was carried over into 1901, but in 1913 we added after the words ''the court shall,'' the qualifying phrase ''in its judgment.''

Unless we assume that section 1422, *supra,* has no meaning or purpose, we must hold the legislature intended to provide that a special order of court was required to subject the property attached to the judgment. Up to 1913 there was no requirement the order should be made at any particular time, or in any special manner, and it might well have been held with some reason that the attachment lien was foreclosed, by implication, in the personal judgment, and a subsequent order of sale might be

made any time as a special execution, up to the time the judgment was barred by the statute of limitations.

The 1913 Code, however, changed the situation requiring that the order of sale must be made ''in its judgment'' and added a new section, providing for the form of the special execution to be issued on the judgment. If we are to give any meaning at all to the last expression of the legislative will, we must hold that it is in the judgment, and in it only, the lien can be made effective, and that it requires an express order to be inserted therein. What, then, is the effect of a failure to include an order of sale in the judgment?

It would be absurd to suppose the legislature meant the lien of the attachment should continue permanently, although the property could not be sold thereunder. At some time, and in some manner, if the judgment did not contain the order of sale, the lien must fail. But as was stated in *Hunter* v. *Daze*, 19 Ariz. 310–313, 170 Pac. 788, 790:

''Our statute provides that the levy of the writ of attachment upon property creates a lien from the date of such levy, unless the writ should be quashed or otherwise vacated. . . . We do not understand that the mere omission to foreclose an attachment lien, or the omission of an order of sale from the judgment at the time of its rendition, would quash or necessarily vacate the writ.''

It therefore appears that under our statute, a motion to quash or vacate is necessary in order to release the lien, when a personal judgment has been rendered in favor of the plaintiff. It does not fall of its own weight.

This motion, of course, can be made by any party interested in the *res*. Should the court, in the proper exercise of its powers to amend a judgment, have caused it to conform to the provisions of paragraph

1422, before the motion is heard, it would, of course, be denied, but otherwise the attachment creditor must be considered to have waived the lien, and the motion should be granted. This was the procedure followed herein, and plaintiff, though having full knowledge of the motion, and appearing to resist it, did not attempt to have the judgment amended to conform to the statute. He is, therefore, in no position to complain of the ruling of the trial court.

The trustee in bankruptcy has succeeded to defendant's interest in the *res.* He was not invoking the Federal Bankruptcy Act to defeat a lien valid under the state law, but was merely asking for possession of property of the bankrupt which, under the state law, would be declared free of a lien on motion.

Plaintiff, with full knowledge of the situation, having made no effort to comply with the statute waived his lien, and the trial court properly granted the motion to quash the writ. Judgment affirmed.

McALISTER, C. J., and ROSS, J., concur.