102   277
142   207

GAWN MOORE, APPELLANT, *v.* J. MCSLEEPER ET AL., RESPONDENTS.

ATTACHMENT—INDEMNITY BOND TO SHERIFF—SEVERAL LIABILITY—JUDGMENT ON MOTION AGAINST SURETIES.—A motion for a judgment against the sureties upon an indemnity bond, given to the sheriff to indemnify him against liability on account of the execution of a writ of attachment, may be made under section 1055 of the Code of Civil Procedure, although the judgment is a several judgment in different amounts against the sureties upon the bond, the obligation of the sureties being for several different amounts for which they have become liable upon the bond.

Id.—Construction of Code.—Section 1055 of the Code of Civil Procedure should be construed as authorizing the entry of judgment against the sureties for the amount named in the bond, and for which each has become liable, but not to exceed the amount of the judgment recovered against the sheriff, including costs of the action.

Id.—Nature of Indemnity Bond—Evidence of Liability of Sureties—Prima Facie Case.—An indemnity bond given to indemnify the sheriff on account of the execution of a writ of attachment indemnifies him against liability for the seizure, and he becomes liable therefor when a judgment is rendered against him; and he makes a *prima facie* case under the statute against the sureties upon the bond, by the production of the indemnity bond, the judgment against him, and proof of notice to the sureties to appear and defend the action in which the judgment was recovered.

Id.—Burden of Proof—Payment of Judgment—Return of Property. In order to overcome the *prima facie* case made by the sheriff, the burden of proof is upon the sureties to show that the judgment against the sheriff had been satisfied by them, or by a return of the property, or that the property with which to satisfy it was, or ought to have been, still in the possession of the sheriff.

Id.—Jurisdiction of Superior Court—Several Liability Less Than Three Hundred Dollars—Motion For Judgment Against Sureties.—A motion for a several judgment against the sureties upon an indemnity bond where the several liability of each surety is less than three hundred dollars is not without the jurisdiction of the superior court, the motion not being an independent action against the sureties, but simply a supplemental motion made for judgment against the sureties in an action of which the superior court had jurisdiction, and in which it had already proceeded to judgment against the sheriff as a defendant.

Id.—Indemnitors Real Parties in Interest—Notice—Conclusiveness of Surety.—The provision in section 1055 of the Code of Civil Procedure permitting a motion for judgment against the sureties who have indemnified the sheriff, proceeds upon the theory that the indemnitors are the real parties defendant when the sheriff is sued for an official act for which they have indemnified him, and that when they have notice of the pendency of such an action the judgment against the sheriff is conclusive of his right to recover against them.

Appeal from an order denying a motion for judgment againt sureties upon an indemnifying bond.

The facts are stated in the opinion of the court.

*T. B. Bond*, and *J. H. Seawell*, for Appellant.

The court had jurisdiction of the proceeding, and properly rendered judgment against the sureties on the bond. (*Dutil* v. *Pacheco*, 21 Cal. 438; 82 Am. Dec. 749; *Robinson* v. *Baskins*, 53 Ark. 330; 22 Am. St. Rep. 206,

and note; *Inhabitants* v. *Penobscot R. Co.*, 49 Me. 119; *Davis* v. *Smith*, 79 Me. 351; *City of Boston* v. *Worthington*, 10 Gray, 496; 71 Am. Dec. 678; *Train* v. *Gold*, 5 Pick. 379; *Mackey* v. *Fisher*, 36 Minn. 348; *Littleton* v. *Richardson*, 34 N. H. 179; 66 Am. Dec. 759; *Kip* v. *Brigham*, 6 Johns. 158; *Aberdeen* v. *Blackmar*, 6 Hill, 324; *City of Chicago* v. *Robbins*, 2 Black, 423; *Bartlett* v. *Campbell*, 1 Wend. 50; *Evans* v. *Percifull*, 5 Ark. 424; Civ. Code, sec. 2778; *Dyett* v. *Hyman*, 129 N. Y. 351; 26 Am. St. Rep. 533.)

*T. J. Sheridan*, for Respondents.

The court had no jurisdiction of the subject matter to grant the relief sought by the motion. (*Thomas* v. *Anderson*, 58 Cal. 99; *Derby* v. *Stevens*, 64 Cal. 287 See, also, *Poland* v. *Carrigan*, 20 Cal. 174.) Even in a proper case the court has no power under section 1055 to render any judgment, except a joint judgment against all "the sureties." (*Hansen* v. *Martin*, 63 Cal. 282.) The proceedings were statutory, and it was incumbent upon appellant to show a strict compliance with all the provisions of the statute. (*Dennis* v. *Packard*, 28 Cal. 101.) Appellant cannot complain of error in refusing to grant the relief asked for by him unless he show that he made out a proper case; the burden is on the appellant to show error. (See *Kidd* v. *Teeple*, 22 Cal. 255, 263; *Clarke* v. *Huber*, 25 Cal. 593, 598; *Stoddart* v. *Burge*, 53 Cal. 394, 399; *Hutchings* v. *Castle*, 48 Cal. 152, 156.)

DE HAVEN, J.—Appeal from an order denying a motion made under section 1055 of the Code of Civil Procedure to have judgment entered in favor of a sheriff, and against sureties named in a bond indemnifying him against liability on account of the execution of a writ of attachment.

The indemnity bond was given in an action brought by one Albert W. Lewis against L. A. Young and others, and recites that said Lewis as principal, and the respondents as sureties, are jointly and severally bound to the

appellant in this proceeding in the sum of $1,000; and then, after referring to the fact of the delivery to the appellant as sheriff of the writ of attachment issued in the action of *Lewis* v. *Young et al.*, and of the attachment of certain personal property thereunder, the bond proceeds to specify the particular liability of each of the sureties as follows: "The said Robert Bucknell is bound in the sum of $200; and the said R. C. Tallman is bound in the sum of $200; and the said J. E. Sleeper is bound in the sum of $200; and the said E. Burk is bound in the sum of $100; and the said W. W. Dunton is bound in the sum of $100; and the said M. L. Thompson is bound in the sum of $100."

After the execution of this bond the claimants of the attached property brought an action against the appellant for its recovery, and obtained a judgment against him for the return of the property or its value, $850; and also for $278.50, costs of the action. The respondents here were duly notified of the pendency of that action, and were requested to defend the same, and were further notified that in case judgment was recovered against the appellant he would move for a judgment against the respondents here under section 1055 of the Code of Civil Procedure.

The motion appealed from seems to have been denied by the superior court upon the ground that the sureties in the bond were bound in different amounts, and each for a less sum than the judgment against the obligee in the bond, and that section 1055 of the Code of Civil Procedure does not authorize a several judgment in different amounts against sureties upon a bond of indemnity, or any judgment against such sureties for less than the whole amount of the judgment recovered against the obligee named in such bond.

It will be noticed that the indemnifying bond is somewhat ambiguous as to the extent of liability assumed by the sureties. In the first paragraph it is stated that they are jointly and severally bound with the principal in the full sum of the penalty named in

the bond; but this is followed by a more particular statement to the effect that certain of the sureties are severally bound in different amounts, each for a less sum than one thousand dollars, the penalty of the bond. We think the last, or more particular, statement is to govern in ascertaining the liability of the sureties; and, while the superior court correctly construed the bond in this respect, we think it was in error in holding that section 1055 of the Code of Civil Procedure would not permit a several judgment to be entered against the sureties in accordance with the terms of the bond. The language of that section is: "If an action be brought against a sheriff for an act done by virtue of his office, and he give written notice thereof to the sureties on any bond of indemnity received by him, the judgment recovered therein shall be conclusive evidence of his right to recover against such sureties; and the court may, on motion, upon notice of five days, order judgment to be entered up against them for the amount so recovered, including costs." This does not necessarily require that the judgment thus provided for shall be a joint judgment when the obligation of the sureties is several, and they become liable for different amounts, or that the judgment to be entered shall not be for a less amount than the one recovered against the sheriff obligee, if the sureties upon the indemnity bond have not bound themselves for so great a sum. The section should be construed as authorizing the entry of a judgment against the sureties for the amount named in the bond, and for which each has become liable, but not to exceed the amount of the judgment recovered against the sheriff, including costs of the action. We certainly can see no reason why the same character of judgment may not be entered against the sureties under this section as might be in an ordinary action against them to recover upon the bond.

The respondents further contend that the order should be affirmed, because it was not shown that the appellant had paid the judgment recovered against him,

or had not, by a return of the property, satisfied all of it except the portion thereof relating to costs, or that he did not retain the property with which to satisfy it. It was not necessary for the sheriff to show these facts. He became liable when the judgment was rendered against him, and it was against this liability that he was indemnified by the respondents, and he made out a *prima facie* case under the statute by the production of the indemnity bond, the judgment against him, and proof of notice to the respondents to appear and defend the action in which the judgment was recovered; and, in order to overcome this *prima facie* case, the burden was on the respondents to show that the judgment against the appellant had been satisfied by themselves, or by a return of the property, or that the property with which to satisfy it was, or ought to have been, still in the possession of appellant. This conclusion is in harmony with the principle underlying the decision in *Pieper* v. *Peers*, 98 Cal. 42, and that case may be regarded as an authority in support of our views on this point.

It is lastly claimed by the respondents that the superior court was without jurisdiction to render a several judgment against them in this proceeding, because each of them is a surety on the indemnity bond for a sum less than three hundred dollars. But this proceeding is not an independent action. It is simply a supplemental motion made for judgment against the sureties in an action of which the superior court had jurisdiction, and in which it had already proceeded to judgment against the nominal defendant. The provision in section 1055 of the Code of Civil Procedure permitting such a motion as this to be made, proceeds upon the theory that indemnitors are the real parties defendant when a sheriff is sued for an official act for which they have indemnified him, and that when they have notice of the pendency of such an action the judgment against the sheriff is conclusive of his right to recover against them, and, this being so, the statute

permits the sheriff to have judgment entered against them at once upon a motion in that action, without the expense and delay of prosecuting an action upon the bond of indemnity, and such a motion is not to be regarded as the commencement of an independent action against the sureties.

Order reversed.

McFARLAND, J., and BEATTY, C. J., concurred.