[Civil No. 1532.   Filed April 18, 1917.]

[164 Pac. 435.]

## EUGENE S. IVES, Appellant, v. E. F. SANGUINETTI, Appellee.

1. MORTGAGES — VACATION — DISCRETION.—Where trial of a mortgage foreclosure suit had been repeatedly set and reset for a period of six months to suit the convenience of defendant, another mortgagee, and trial was had on the last day of the period of redemption from such other mortgagee's foreclosure, refusal of the trial court to vacate the judgment because of defendant mortgagee's alleged unavoidable absence from the trial was not reversible as a clear abuse of discretion.

2. JUDGMENT — AMENDMENT — NOTICE.—A judgment should **not** be amended without notice to parties affected, either in the form of an order to show cause when done of the court's own motion, or, when asked for by party, upon notice with a proper showing.

3. APPEAL AND ERROR—PRESUMPTION—RECORD.—On appeal from a judg-
ment claimed to have been modified without notice, such lack of
notice will not be presumed from mere silence of the record on that
point; for the presumption is that the trial court proceeded accord-
ing to law.

4. APPEAL AND ERROR—OBJECTION BELOW—LACK OF NOTICE.—The objec-
tion that a judgment was modified without notice to appellant
cannot be raised on appeal from the modified judgment only, where
the record does not affirmatively show such lack of notice; but in
such case appellant should move to set the amended judgment aside
for lack of notice, show the lack of notice by affidavits, and appeal
from an order denying his application.

5. APPEAL AND ERROR—REVERSAL.—The constitutional prohibition of re-
versal for technical errors prevents reversing an amended judgment
because of lack of notice of such amendment to a party affected,
where the amendment was made according to the truth and justice
of the case, and did not prejudice appellant.

6. MORTGAGES—FORECLOSURE BY ACTION—DECREE—VALIDITY—DEFINITE-
NESS OF DESCRIPTION.—A decree of foreclosure of "all the right,
title," etc., of a named person in the described premises is not a
nullity for uncertainty or indefiniteness of the description of the
interest foreclosed, although such indefiniteness may be important
to the purchaser at the sale.

[As to foreclosure sale as passing title to all parties, see note in
Ann. Cas. 1914D, 283.]

APPEAL from a judgment of the Superior Court of
the County of Yuma. Frank Baxter, Judge. Affirmed.

Mr. Eugene S. Ives, *in pro. per.*

Messrs. Wupperman & Wupperman and Mr. Thomas D.
Molloy, for Appellee.

FRANKLIN, C. J.—The appellant foreclosed a mortgage
on lot 4 block 15 and lot 1, block 21, of the town of Yuma.
In this action the appellee was made a party defendant,
served with process, and answered. The appellee held a
mortgage on the property of all the right, title, and interest
of one Henry Levy to secure an indebtedness of $850. This
latter mortgage the appellant claimed in his action was sub-
sequent and subordinate to the lien of appellant's mortgage.
Before appellant got his judgment of foreclosure he, for some
reason, dismissed the action as to appellee, and appellee's

rights were not adjudicated. It appears that the mortgage of appellee was dated and recorded in June, 1912, and the mortgage of appellant was dated and recorded in the following November. A sale of the property was made under appellant's judgment, the time for redemption expiring on December 13, 1915.

In January, 1915, the appellee commenced an action to foreclose the lien of his mortgage, in which action appellant was made a party defendant, served with process, and answered, in which action the issue was made as to the priority of the respective mortgages. This case was at issue and ready for trial in March, 1915. Relative to setting the case for trial the vacation of such orders and postponement of the trial at request of appellant to suit his convenience, the record shows the following:

"June 7, 1915, that this cause was set for trial on June 14, 1915, by the court. June 14, 1915, this cause ordered continued by the court until called up by counsel.

"June 21, 1915, on the motion of counsel for plaintiff this cause was set for trial on July 3, 1915, and clerk ordered to notify defendant Eugene S. Ives.

"June 30, 1915, according to stipulation between counsel for plaintiff and defendant, Eugene S. Ives, the order setting cause for trial on July 3, 1915, was vacated, and it was further stipulated that this cause be set for trial on September 2, 1915.

"July 31, 1915, the order fixing September 2, 1915, for trial of this cause was vacated, and this cause was set for trial on September 16, 1915.

"September 13, 1915, the order fixing September 16, 1915, for trial of this cause was vacated, and this cause was set for trial on October 12, 1915.

"October 5, 1915, the order fixing October 12, 1915, for trial of this cause was vacated.

"December 6, 1915, on motion of counsel for plaintiff, this cause was set for trial on December 11, 1915, at 10 o'clock A. M.

"December 11, 1915, 10 o'clock A. M., the cause was continued until 2 P. M. same day.

"December 11, 1915, 2 o'clock P. M., this cause was continued until 10 o'clock A. M., Monday, December 13, 1915.''

In appellee's suit he sought, following the terms of his mortgage, to foreclose the lien thereof on "all the right, title, claim, and demand, whether in possession or expectancy, of the defendant Henry Levy of, in, and to all" of said above-described property. Such was the prayer of the complaint. In his complaint, however, he made this statement: "And plaintiff is informed that the interest of the defendant Henry Levy in and to the above-described property is 440/4589 of the whole thereof." The court gave judgment foreclosing appellee's mortgage, subordinating the lien of appellant's mortgage to that of appellee. In its judgment the court recited:

"The lands and premises directed to be sold by this decree are described as follows, to wit: The 440/4589 of the whole of all of lot 4 in block 15 and all of lot 1 in block 21, of the city of Yuma, Yuma county, state of Arizona, according to White's survey, the same being the interest, right, title and claim of the defendant Henry Levy in and to all of the above-described property."

After the limitation of time within which a motion to set aside a judgment may be made under section 590 of the Revised Statutes of 1913, but within the period of six months within which a party may be relieved from any judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect, under section 600, Id., the appellant moved to set aside the judgment on the ground of his inadvertence or excusable neglect in not attending the trial of the cause, and that he had a meritorious defense to the action if given another opportunity to present it. The motion was supported by affidavits on the part of appellant showing great press of professional engagements which diverted his attention and prevented his attendance at the trial. The affidavits were controverted by the appellee.

Upon the showing made the court denied the motion to set aside the judgment, but at the same time modified the judgment by striking therefrom these words in the last paragraph thereof, to wit: "The 440/4589 of the whole of all of lot 4 in block 15 and all of lot 1 in block 21, of the city of Yuma, Yuma county, state of Arizona, according to White's survey, the same being the interest, right, title, and claim of the defendant Henry Levy in and to all of the above-described

property''—and inserting in lieu thereof the following words: ''All the right, title, interest, claim, and demand, whether in possession or expectancy of the defendant Henry Levy, of, in, and to all of lot 4 in block 15, and all of lot 1, block 21, of the town of Yuma, Yuma county, state of Arizona, according to White's survey.''

The judgment was rendered December 13, 1915, and the modification thereof made on March 28, 1916.

The appeal is from the judgment rendered on the thirteenth day of December, 1915, and from the modified judgment rendered on the twenty-eighth day of March, 1916, and also from the order denying appellant's motion to set aside the judgment rendered on December 13, 1915.

The motion to set aside the judgment is made under section 600 of the Revised Statutes of 1913. It may be extremely doubtful if the provisions of that section have any application to cases other than those in which a judgment has been taken by default. Here there was no default, the appellee simply failing and neglecting to attend the trial and present his defense. This neglect he seeks to excuse. It is not necessary, however, in this case to determine the suggested questions of practice as to whether the motion to set aside the judgment under the circumstances here must be made within the time limited by section 590 of the code or may be made within the time presented by section 600 of the code. Neither is it necessary to go into the particulars which the appellant pressed upon the attention of the court to excuse his neglect in not attending at the trial. Considering that it is not improper for a party, when his cause is at issue, to press for as early a trial as the circumstances of the case will permit, but such action being highly proper and beneficial and to be reasonably encouraged, and that for a period of six months the trial of the cause was repeatedly set and reset and postponements had to suit the convenience of appellant, and the trial was not had until the very last day of the redemption period, it does not appear that appellee was at all unreasonable in insisting upon the trial of his case under such circumstances, and we do not feel that there is anything in this record which would justify this court in overriding the discretion exercised by the superior court as of a clear case of abuse of that discretion.

In the case of *Copper King of Arizona* v. *Johnson,* 9 Ariz. 71, 76 Pac. 595, the court said:

"Circumstances often surround the setting and trial of a case, properly cognizable by the trial judge, which may not always appear in the record, and which may properly have an influence in the determination of a motion of this character. The appellate court should therefore, in its review of such action, recognize that such matters must rest largely in the sound discretion of the trial court, and upon such review should not disturb such action and the exercise of such discretion unless it clearly appears that such discretion has been abused."

The rule was again clearly stated by this court in the case of *Beebe* v. *Farish,* 14 Ariz. 231, 127 Pac. 715, as follows:

"The question as to whether the judgment should be vacated and set aside was one addressed to the sound discretion of the trial court, and his familiarity with the record and the facts in connection with the long delay in bringing the case to trial, and the different continuances, no doubt, entered into his consideration of the motion to vacate, and we do not feel that we should hold his action was an abuse of discretion. 'A motion to vacate or set aside a judgment is addressed to the sound legal discretion of the trial court on the particular facts of the case, and consequently will not be disturbed on appeal unless it is plain that its discretion has been abused.' 23 Cyc. 895; *Copper King of Arizona* v. *Johnson,* 9 Ariz. 67, 76 Pac. 594."

Appellant claims that the judgment ought to be reversed because he had no notice of any motion or application for a modification. The court ought not to have amended the judgment without notice. Using the language of Mr. Freeman in his work on Judgments, third edition, section 72:

"That impartiality which ought to distinguish the proceedings of all judicial tribunals required that no matter be considered by any court without giving both parties a full and fair opportunity to be heard. In regard to the amendment of judgments, the authorities fully sustain the view that the courts will not act upon an *ex parte* application."

Our code fully indicates that such action should be predicated upon notice and an opportunity to be heard. It therefore ought to be the rule of every court, cautiously observed,

not to act in these matters without notice either in the form of an order to show cause when done of the court's own motion, or, when asked for by a party, upon notice with a proper showing. Conceding that the amendment here should not be made in an *ex parte* application, as observed in the case of *Schmidt* v. *Gilson*, 14 Wis. 558:

"But we cannot assume that the opposite party had no notice of it. Certainly if such a notice had been given it would not become a part of the record. The record is silent upon this point, and the presumption is that the circuit court, in ordering the judgment to be amended, proceeded according to law. If in fact no notice was given, the party aggrieved should have taken steps to set the amended judgment aside for that reason, and then appealed from the order denying his application. He could then have shown by affidavit that he had no notice of the amendment. But as the case now stands it is very obvious that we cannot assume that the proper notice of the amendment was not given."

Appellant took no steps to have the amended judgment set aside. In the absence of such a motion and an appeal from the order denying the application, the want of notice cannot be urged to defeat the modification. In other words, want of notice cannot be raised on an appeal from the modified judgment only. It is made to appear that the motion of appellant to set aside the judgment as first rendered on December 13, 1915, was submitted on the briefs of the respective parties, and in the brief of appellee served on appellant the application for the modification was made. Aside from these questions of practice, we are not justified in reversing the judgment against the admonition of the Constitution that no cause shall be reversed for technical error in pleading or proceedings when upon the whole case substantial justice has been done. If it appears that the amendment was made according to the truth and justice of the case, and appellant is in no wise prejudiced thereby, then substantial justice has been done. Of course, the amendment would not be allowed to injuriously affect the rights of innocent third parties whose rights may have attached before the amendment was made, but no such question is present.

Appellant, however, claims that the first judgment was error because there was no allegation in the complaint of any

specific fractional interest of Henry Levy in the property in question and no evidence thereof, and that the allegations in the complaint as to the description of the mortgagor's interest are so indefinite and uncertain as not to support the amended judgment. Appellee's allegation that he was informed that the interest of Henry Levy consisted of 440/4589 of said property may be treated as surplusage. The mortgage executed by Henry Levy purported to create a lien upon the property to the extent of all the right, title, interest, claim and demand, whether in possession or expectancy of the mortgagor in the property.

In an action to recover land, the description of the particular interest sought to be recovered must necessarily be definite and certain and the rule somewhat strict, but this is an action to foreclose a mortgage lien to secure the payment of an indebtedness of $850, and whether the mortgagor has a greater or lesser interest, or any mortgageable interest at all, is a hazard of the mortgagee. We know of no authority holding that one may not mortgage his interest in property unless he sets forth specifically the nature and extent of that interest, or that a judgment foreclosing a mortgage under such a general description is void. It may be possible that a complaint in foreclosure could be so framed as to warrant the court in proceeding to adjudicate the nature and extent of such interest, but that it is not done does not render the judgment void. The nature and extent of the interest may become a very interesting question to the purchaser at the sale, but we do not perceive it to be pertinent to the question whether appellee is entitled to a judgment of foreclosure as to defeat the action unless the nature and extent of the mortgagor's interest is determined. The purchaser at the sale may meet with obstacles should he try to recover or be put into the possession of the alleged interest mortgaged, but we cannot pronounce the judgment a nullity for the reason that such interest is not determined and described with precision. In overruling *Crosby* v. *Dowd,* 61 Cal. 557, in an action to quiet title, and speaking of the description in a mortgage, judgment of foreclosure, and sheriff's deed, it is observed in *De Sepulveda* v. *Baugh,* 74 Cal. 488, 5 Am. St. Rep. 455, 16 Pac. 223, as follows:

"It simply does not come up to some ideal standard laid down by the courts as more convenient for them and their officers. The true rule would seem to be that the judgment is not void. That the purchaser must, however, rely upon the description, and if it be found so defective when tested by rules of evidence ordinarily applied to the subject that nothing can be found, he will fail; otherwise he should recover."

Finding no reversible error in the record, the judgment and order must be affirmed.

It is so ordered.

ROSS, J., concurs.

CUNNINGHAM, J. (Concurring Specially).—The appellee commenced this action to foreclose a mortgage made by Henry Levy, dated June 10, 1912. The appellant Ives is made a party defendant to the action because he is alleged to "have some interest or lien upon the said described property, but that such interest or lien, whatever it may be, if any, is subsequent and subordinate to the lien of the plaintiff as against the interest of the defendant Henry Levy of, in, and to the above-described property."

The defendant Ives, answering the complaint, says:

"This defendant admits that he claims to have an interest upon the property described in the said alleged mortgage; denies that such interest or lien is subsequent or subordinate to the alleged lien of the plaintiff; and alleges that this defendant is the owner of a mortgage upon the said premises to secure a note for the sum of $30,000, and that said mortgage is prior to the alleged lien of the plaintiff, and that the said note and mortgage have been sued upon, and that a judgment has been entered by this court in favor of the plaintiff, decreeing a sale of the premises to secure the payment of the said judgment, and that said judgment and the mortgage upon which the same was entered are in all respects prior to the alleged claim of the plaintiff."

This pleading was duly verified and filed on March 15, 1915, and remained, uncontroverted, so on file in the cause on December 13, 1915, when the cause was finally tried.

The defendant assumed by his answer the position of a prior mortgagee or party having a prior lien, setting forth the nature of his said claim, and the plaintiff has not dis--

puted the validity of the alleged prior encumbrance. In mortgage foreclosure the presence of a prior mortgagee or party having a prior lien may be dispensed with when the validity of the prior encumbrance is not disputed. *Hagan* v. *Walker*, 14 How. 29, 14 L. Ed. 312.

The only purpose of the defendant Ives in the case was to litigate and determine all of his supposed claims subsequent and subordinate to the plaintiff's asserted mortgage lien. The plaintiff's purpose in making defendant Ives a party was not for the purpose of determining Ives' prior and superior claims. to the end that plaintiff could redeem the property from such claims. When the defendant set forth his claims and alleged under oath that such claims were prior and superior to plaintiff's alleged claim, and the plaintiff did not dispute the validity of the claim set forth in such verified pleading, the court. was fully justified in treating the defendant's answer as conclusive both of the nature of the asserted claim and as a confession that he made no claims to the property subsequent and subordinate to the asserted mortgage lien of the plaintiff. So considered, Ives' further presence in the cause became unnecessary to the foreclosure. The court would have been fully justified in dispensing with this defendant and in proceeding to dispose of the cause.

The situation remained unchanged on December 13, 1915, when the court tried the cause in the absence of defendant. Ives. The plaintiff offered his testimony and offered testimony tending to show that the county records of mortgages contain the record of a mortgage in which Ives appears as the sole mortgagee; that such mortgage describes the premises described in plaintiff's mortgage; that the said mortgage of defendant Ives bears a date of execution and recording subsequent in point of time to plaintiff's mortgage. Such being the effect of all of the evidence relating to the matters affecting this appellant's claims, the court rendered its judgment against Henry Levy, and ordered a foreclosure of plaintiff's mortgage lien as prior to defendant's mortgage lien.

At a subsequent date the defendant Ives moved the court to open the judgment as a judgment by default, and to permit the defendant to make defense thereto. He accompanied his. motion by an affidavit of merits, whereby he shows that his claim is founded upon an order of the court made in an estate.

proceeding duly had, whereby the court having the matter legally before it created defendant's lien at a time prior to the making of the plaintiff's mortgage; thereby again offering to set forth a right prior and superior to plaintiff's alleged right. The court denied the motion.

A prior mortgagee is not a necessary party in a suit by a junior mortgagee to foreclose, and in *Woodworth* v. *Blair,* 112 U. S. 8, 28 L. Ed. 615, 5 Sup. Ct. Rep. 6, the petition of the prior mortgagee to intervene was held properly dismissed without prejudice. In all essential respects the motion of the prior mortgagee to be let into the case for the purpose of establishing the priority of his mortgage is the same in principle of law, with the motion to intervene. The court's denial of the defendant's motion is in effect the dismissal of an intervener's petition, because in this case the purpose in opening the judgment to the defendant Ives is to permit him to establish an alleged right in the premises superior in its nature to the rights of either the plaintiff mortgagee and the defendant mortgagor, under the mortgage the action was commenced to foreclose. Whether such matters may be introduced in an action rests in the sound legal discretion of the trial court, and the action taken will not be disturbed on appeal unless the record clearly discloses that such discretion has been abused.

If the trial court had granted the motion, and the defendant Ives had been allowed to assert the matters set forth in his affidavit of merits, and had established the facts there alleged to exist, the result would have been to change plaintiff's action from a statutory action of foreclosure, to one for redemption from a prior mortgage lien and a foreclosure of such lien with the junior mortgage lien. Clearly the court did not abuse its discretion by refusing to open the judgment for the purposes urged by the defendant Ives.

The view I take of the matter is therefore that the plaintiff declined to join issue with the defendant's offer to litigate the question of priority of defendant's claims over plaintiff's mortgage, and the court treated the matter as one involving claims subsequent and subordinate to plaintiff's mortgage and determined the validity of such class of claims only. As a consequence I concur in the order affirming the judgment.