[Civil No. 1545.  Filed February 16, 1918.]

[170 Pac. 788.]

·JOE R. HUNTER, Appellant, v. CHARLES DAZE, Appellee.

1. APPEAL AND ERROR — RECORD — AUTHENTICATION — INSTRUCTION. — Assignments of error based on instructions in the files are without legal basis; the only part of the record properly certified and authenticated being the transcript of the testimony and the court's minutes, the instructions not being indorsed by the judge as given or refused, nor having attached any certificate of the clerk showing that they were the instructions of the court.

2. TRIAL — RECEPTION OF EVIDENCE — LIMITING EFFECT. — Statement of court in overruling objection to admission of return on writ of attachment, because reciting that it was levied "on the property of the defendant," that "the court will instruct the jury not to take into consideration that that determines the right of the property, . . . that this return will not be any evidence determining the title of this property," is sufficient, without any further giving of the promised instruction.

3. ATTACHMENT — CLAIM BY THIRD PERSON — JUDGMENT BETWEEN ATTACHMENT CREDITOR AND DEBTOR.—On the issue between an attaching creditor and the claimant of the property, it is immaterial that as entered the judgment against the attachment debtor contained no order of sale of the property; this not quashing or vacating the writ within Civil Code of 1913, paragraph 1421, providing that levy of the writ on property creates a lien from date of levy, unless the writ be quashed or otherwise vacated.

4. APPEAL AND ERROR—QUESTION REVIEWABLE—ERROR IN OTHER SUIT—ATTACHMENT.—Any error in allowing amendment of the judgment for the attaching creditor against the attachment debtor to foreclose the lien and order sale of property cannot be reviewed on appeal in the proceeding between the attaching creditor and a claimant to try the right of property; being in a separate lawsuit.

5. EVIDENCE — RES GESTAE — STATEMENTS OF ATTACHMENT DEBTOR. — Statement made at the time of the attachment by the attachment debtor in possession of the property, concerning it, its use and ownership, are admissible as part of the *res gestae* in the proceeding to ·try right of property between the attaching creditor and the claimant.

6. TRIAL—TAKING PAPERS TO JURY-ROOM—OBJECTIONS.—Objection to the instructions and statutes being taken by the jury, at the request

of a juror, into the jury-room during their deliberation, not being made at that time, is too late.

[As to right of jury to take to jury-room articles introduced in evidence, see note in Ann. Cas. 1915B, 742.]

7. APPEAL AND ERROR—QUESTIONS REVIEWABLE—MODIFICATION OF JUDGMENT.—Want of notice of application to modify judgment cannot be urged on appeal from the modified judgment only, but there must have been motion to have the amended judgment set aside, and appeal from denial thereof.

8. ATTACHMENT—CLAIM BY THIRD PERSON—VALUE OF PROPERTY—OFFICER'S RETURN.—The value of attached property as assessed under direction of the statute by the officer levying the writ is to be taken as the value in a proceeding to try the right of property, in the absence of other evidence thereon.

9. APPEAL AND ERROR—HARMLESS ERROR—ERROR FAVORABLE TO APPELLANT.—That the judgment for attaching creditor against claimant, in a proceeding to try the right of property, is for less than its value, cannot be complained of by claimant; being error favorable to him.

APPEAL from a judgment of the Superior Court of the county of Navajo. Sidney Sapp, Judge. Affirmed.

Mr. X. N. Steeves, for Appellant.

Mr. Clarence H. Jordan and Mr. W. H. Burbage, for Appellee.

ROSS, J.—This is a proceeding to try "the right of personal property" as between an attaching creditor and a claimant thereof under the provisions of title 6, chapter 11, of the Civil Code. The issues, as made up under the directions of the court, showed, on the part of the plaintiff, appellee, that he had caused the property to be attached as the property of one T. J. Compton, against whom he had instituted a suit to recover a debt in the sum of $294.75; and on the part of the defendant, appellant, that he was the owner and entitled to the possession of the property in controversy. The property consisted of a span of horses, one wagon, one set of harness, and a cow. The case was tried to a jury, which found the issues in favor of the plaintiff and against the defendant. The defendant has appealed from the judgment, and assigns 32 errors.

Many of these assignments are clearly without merit, and some of them we cannot review because of the condition of

the record, as we shall hereafter show. The only properly certified and authenticated part of the record in this court are the transcript of the testimony and the minutes of the court. We find, among the files, what purports to be, or may have been, the instructions given to the jury by the court. However, they are not indorsed by the judge as given or refused. They have not attached to them any certificate of the clerk showing that they were the instructions of the court. Therefore any assignments based upon the instructions are without any legal basis, and will not be considered.

The question involved was as to the ownership of the property at the time that the levy of the writ of attachment was placed on it; that is, as to whether it was the property of the attachment debtor, Compton, or the property of the defendant, claimant, and this issue was determined in favor of the plaintiff or attaching creditor.

A review of the evidence satisfies us that it was amply sufficient to support the verdict and judgment. The defendant complains, however, that the court erred in the admission of certain evidence. The plaintiff, as part of his case, offered in evidence the return of the sheriff indorsed upon the writ of attachment. It was objected to by the defendant on the ground that it recited that it was levied ''on the property of the defendant.'' The ruling of the court upon this objection was sustained in the following language:

''The court will instruct the jury not to take into consideration that that determines the rights of the property.''

Again: ''The court will instruct the jury that this return will not be any evidence determining the title of this property.''

The plaintiff now complains that this promised instruction was never given to the jury. We think it immaterial whether it was or not. The jury evidently understood from the court's statement that it was not to take into consideration the recital of the return as to the ownership of the property. At any event, we have not before us the instructions.

Some time before this case was tried, in the action against the attachment debtor, Compton, plaintiff had obtained a judgment for the full amount of his claim, but in the judgment the attachment lien had not been foreclosed nor the attached property ordered sold to satisfy the judgment. When this judgment was offered in evidence for the pur-

pose of showing Compton's indebtedness to the plaintiff, the defendant objected on the ground that it was immaterial, irrelevant, and incompetent. The court admitted the judgment "as being the basis on which the attachment was issued." The specific objection that the judgment did not foreclose the attachment lien and order the sale of the property was not made by the defendant until after the evidence on both sides had been closed, and during the closing argument of the counsel for plaintiff. The defendant does not question the regularity of the issuance and levy of the attachment upon the property in dispute, nor that the lien attached and continued up to the time of the entry of the judgment, but he asserts that when the judgment was entered containing no order of sale of the property, the plaintiff, in law, abandoned his attachment lien.

The issue as made by the pleading, as we have seen, was between the attachment creditor and the claimant, and not between a judgment or execution creditor and claimant. Under this issue, it was immaterial as to whether the creditor had obtained a judgment or not. His right to maintain his attachment lien as against the claimant did not depend upon a successful prosecution of a suit to judgment against the debtor, or upon an order foreclosing his lien and directing a sale of the property, but upon the question as to who was the owner of the property, the debtor or claimant. If the claimant was not the owner of the property, he cannot be heard to complain because the judgment did not contain a foreclosure of the lien and order of sale. Our statute provides that the levy of the writ of attachment upon property creates a lien from the date of such levy, unless the writ should be quashed or otherwise vacated. Section 1421; *Wartman* v. *Pecka,* 8 Ariz. 8, 68 Pac. 534. We do not understand that the mere omission to foreclose an attachment lien, or the omission of an order of sale from the judgment at the time of its rendition, would quash or necessarily vacate the writ.

The plaintiff, after notice to the attachment debtor, Compton, obtained an order from the court permitting the amendment of the judgment in the case of Daze v. Compton, foreclosing the attachment lien and ordering the sale of the property in satisfaction of the judgment. The defendant complains because the court permitted this amendment. Whether, under the showing made, the court was right or

not in allowing the amendment, we are not able to say, but if it was an error, it occurred in another and separate lawsuit, which is not before us and cannot be considered in this appeal.

The property, at the time of the levy of the writ of attachment, was in the possession of the attachment debtor, and the officer who levied the writ, and one or two other persons who were present, were permitted to testify, over the objection of the defendant, to certain statements made by the attachment debtor concerning the property, its use and ownership. This is assigned as error. The rule with reference to such evidence is, as we understand it, properly stated as follows:

"The acts or declarations of attachment defendant while in possession, tending to indicate or explain the character of his possession, are admissible, it would seem, as a part of the *res gestae;* but declarations of defendant, after he has parted with his possession, or subsequently to the levy and interposition of claimant's claim, are inadmissible." 6 C. J. 396, § 888.

Under this rule, the evidence was properly admitted.

The defendant complains that the court committed error in permitting the jury to take with them the instructions and a copy of the statutes. In the transcript of the testimony we find this memorandum made by the court reporter:

"When the jury are retiring one of the jurors, Mr. Campbell, requests the court to permit the jury to take the statutes into the jury-room to read the sections just read to them by the court. The court remarked that it saw no objection to the jury taking the statutes for the purpose of reading what had been read to them, and, there being no objection offered upon the part of counsel for plaintiff or defendant, the court permitted the instructions and the statutes to be taken as requested by Juror Campbell."

We certainly could not give our approval of the action of the court in this matter. It is the duty of the court to inform the jury of the law, and not permit them to search through the books to find it. In this case, however, it appears from the record that neither party objected to the instructions and the statutes being taken by the jury into the jury-room during their deliberation. Not having interposed a timely objection, defendant's complaint comes too late.

It seems that the court orally announced from the bench, upon the return of the verdict, its judgment in favor of the plaintiff for the sum of $294.75 and cost of suit, including a jury fee of $36, or, in lieu thereof, that he deliver to the sheriff of Navajo county the property involved, and the clerk entered the judgment as announced upon his minute-book. This judgment does not conform with the statute providing what judgment shall be entered. The judgment should have been rendered against the defendant and his sureties for the value of the property. Section 1667.

For some reason or other, probably because plaintiff's attorney discovered that the judgment was not in conformity with the statute, thereafter he prepared a form of judgment, substantially as the law provides, and served the attorney for defendant with a copy thereof. This last judgment received the approval of the court by his signing the same. The defendant complains of the judgment spread upon the clerk's minutes because it is not in legal form and not such a judgment as is authorized by law, and also complains because the court amended or corrected it so that it conformed to the statute. The first or minute entry judgment was rendered on the seventh day of March, 1916. The second judgment was dated of the same date, but it was not filed with the records of the case until March 18, 1916.

Our statute (sections 574, 575) provides for the amendment or correction of judgments and decrees to conform to the facts and the pleadings upon application and notice to the opposite party. In this case it appears that the defendant's counsel was served with a copy of the amended judgment, but the record is silent as to what action he may have taken between the date of the service and the filing of the last or amended judgment. We think what we said in *Ives* v. *Sanguinetti*, 18 Ariz. 552, 164 Pac. 435–437, is conclusive upon this question. In that case we quoted from *Schmidt* v. *Gilson*, 14 Wis. 558, as follows:

"But we cannot assume that the opposite party had no notice of it. Certainly if such a notice had been given, it would not become a part of the record. The record is silent upon this point, and the presumption is that the circuit court, in ordering the judgment to be amended, proceeded according to law. If, in fact, no notice was given, the party aggrieved should have taken steps to set the amended judg-

ment aside for that reason, and then appealed from the order
denying his application. He could then have shown by [his]
affidavit that he had no notice of the amendment. But as the
case now stands it is very obvious that we cannot assume that
the proper notice of the amendment was not given"—and
said: "Appellant took no steps to have the amended judg-
ment set aside. In the absence of such a motion and an ap-
peal from the order denying the application, the want of
notice cannot be urged to defeat the modification. In other
words, want of notice cannot be raised on an appeal from
the modified judgment only."

Even though the steps taken to amend or correct the judg-
ment may have been informal and irregular, and lacking in
the matter of form and time, the record discloses no attempt
by defendant to have the amended judgment set aside or
vacated. If he was dissatisfied with the judgment as cor-
rected, under the law, he should have manifested his dissatis-
faction by a motion to have it set aside or vacated.

We do not see that the step taken was in any way preju-
dicial to the rights of the defendant. The plaintiff was en-
titled to the fruits of the verdict, and it was the duty of
the court to enter the proper judgment. The defendant can-
not now claim surprise or prejudice because a formal proper
judgment was entered, even though it might differ in some
details from the minute entry as made by the clerk.

It is next complained that the value of the property in
controversy was not alleged in the complaint, and that no
evidence of value was offered, and no value of the property
was found by the jury's verdict. It is claimed that these
omissions are fatal to the judgment. The statute makes the
title or right of possession the determinative question in a
proceeding of this kind. Section 1660, Civil Code.

The value of the property in dispute may be said to have
been incidental and only essential in fixing the terms of the
judgment, so that if the claimant fail to establish his claim,
he may pay in satisfaction of the judgment the assessed value
of the property in lieu of returning it to the attaching officer.
The statute makes it the duty of the officer levying the writ
of attachment to assess its value, and requires a claimant to
execute and deliver to the officer a bond with two or more
good and sufficient sureties, payable to the plaintiff in such
writ, in double the value of the property as assessed by said

officer. Section 1649, Civil Code. This is the only provision of the law in a proceeding of this kind requiring the value of the property to be assessed or ascertained, and, while the value thus fixed might be disregarded and evidence at the trial submitted showing a different and, perhaps, a more correct value, it was not done in this case by either the plaintiff or the defendant. We think we may assume, in furtherance of justice, and to avoid a retrial and the expenses incident thereto, that both parties treated the value fixed by the sheriff as the correct value of the property. The sheriff fixed the value at $550, which fact is recited in the bond executed by defendant. If the defendant was dissatisfied with the value of the property as fixed by the sheriff, he should have offered evidence upon that question. The judgment of the court fixed the value at $294.75, very much less than the assessed value as made by the sheriff, and if the value fixed by the judgment is less than the value assessed by the sheriff, the court erred in favor of the defendant, inasmuch as the judgment should have been for the value of the property as fixed by the attaching officer. That the value of the property fixed by the attaching officer may be taken as the value to be set out in the judgment is confirmed by section 1661, Civil Code, which provides that if the defendant fails to appear or neglects or refuses to join issue under the directions of the court, and within such time as the court may prescribe, the plaintiff shall have judgment by default. A default judgment to comply with the other provisions of the law as to the form of judgment, in a case of this kind, would run against the defendant and the sureties for the value of the property, and necessarily, the evidence of that value would have to be the value assessed by the officer.

We have come to the conclusion that the record discloses no error was committed by the trial court prejudicial to the rights of the defendant, and it is therefore ordered that the judgment of the lower court be affirmed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.