[Civil No. 2974. Filed May 6, 1931.]

[299 Pac. 122.]

JACOB BARTH and MAURICE BARTH, Appellants, v. M. L. HALL, Sheriff of Apache County, Arizona, Appellee.

252

Mr. Levi S. Udall and Mr. Isaac Barth, for Appellants.

Mr. Dodd L. Greer, for Appellee.

ROSS, J.—M. L. Hall, sheriff of Apache county, by virtue of a writ of attachment issued in the suit of *Isaac Barth* v. *B. Y. Duke,* levied upon a Chevrolet coupé as the property of said Duke. After the levy, one Charley Duke claimed the automobile as his, whereupon the sheriff, as he was authorized to do under section 4248 of the Revised Code of 1928, required plaintiff in attachment to execute and deliver to him a bond of indemnity. Such indemnifying bond was signed by Isaac Barth as principal and Jacob and Maurice Barth as sureties, and was conditioned to "well and truly indemnify and save harmless the said sheriff of Apache County Arizona of and from all damages, expenses, costs and charges, and against all loss and liability which he, the said Sheriff shall sustain or in anywise be put to, for or by reason of the levy, taking, sale, or retention by the said automo-

bile in his custody under said writ of the said property claimed as aforesaid.''

In a trial of Charley Duke's claim against the sheriff he established ownership of the automobile, obtained a judgment against the sheriff for its return, or its value assessed at $859, for the sum of $350 damages for loss of use of car, and for costs taxed at $16.80.

Thereafter, the sheriff acting under the provisions of section 3845 of the Revised Code of 1928, filed a motion for judgment over against the sureties, Jacob and Maurice Barth, showing therein that he had returned to the owner the automobile, but that the judgment of $350 for damages and $16.80 for costs was unsatisfied. It also appeared from said motion that the sheriff, not only advised Jacob and Maurice Barth of Charley Duke's suit, but served upon them a copy of Duke's complaint; also that both indemnitors were present at the trial of said cause and testified as witnesses. The motion for judgment was filed on July 31, 1929, and on October 3d the court, reciting ''that no response thereto has been filed by said indemnitors Maurice and Jacob Barth,'' ordered judgment against them for damages of $350 and $16.80 costs.

The sureties have appealed and assigned as reasons therefor (1) that they were not served with written notice of the suit against the sheriff; and (2) that the court did not give sureties five days' notice before it entered judgment against them.

The statute (section 3845, *supra*) that makes this summary remedy available to a sheriff, who has taken indemnity to secure himself against claims of third persons for executing process, reads as follows:

''If an action be brought against a sheriff for an act done by virtue of his office, and he give written notice thereof to the sureties on any bond of indemnity received by him, the judgment recovered therein

shall be conclusive evidence of his right to recover against the sureties, and the court may, upon five days notice to the sureties, enter judgment against them for the amount recovered."

Speaking of a proceeding under a like statute, in *Moore* v. *Sleeper,* 102 Cal. 277, 36 Pac. 593, the court took the view that it was not an independent action but "a supplemental motion made for judgment against the sureties in an action of which the superior court had jurisdiction, and in which it had had already proceeded to judgment against the nominal defendant. The provision in section 1055 of the Code of Civil Procedure [our section 3845], permitting such a motion as this to be made, proceeds upon the theory that indemnitors are the real parties defendant when a sheriff is sued for an official act for which they have indemnified him, and that when they have notice of the pendency of such an action the judgment against the sheriff is conclusive of his right to recover against them; and, this being so, the statute permits the sheriff to have judgment entered against them at once upon a motion in the action, without the expense and delay of prosecuting an action upon the bond of indemnity, and such a motion is not to be regarded as the commencement of an independent action against the sureties."

Of course, the "written notice" to the sureties of the action and claim of Charley Duke to the car, so that they might defend against said action if they saw fit, was essential under the statute. It will be noticed that neither the form nor contents of the notice is prescribed by the statute. Any written notice capable of conveying to the sureties the fact that their liability on the indemnity bond was to be tried out would seem to be all that is contemplated. Copies of the complaint, alleging a cause of action against the sheriff for doing what he had been indemnified to

do, would certainly be a warning in written form to the indemnitors, as fully and completely as possible, that an action had been brought against the sheriff.

When the sheriff exhibited to the court the indemnity bond, the judgment that had been entered against him, and evidence of having served the indemnitors with copies of the complaint, he certainly made out a *prima facie* case against the indemnitors. The only way for the indemnitors to overcome such *prima facie* case was to show that the judgment against the sheriff had been satisfied by their principal or themselves. This could have been done by showing that the property had been returned to Charley Duke and the damages and costs against the sheriff had been paid to him.

The evident purpose of requiring "five days' notice to the sureties" before entering judgment against them for the amount recovered was to allow them an opportunity to show that the judgment had been discharged or partially satisfied. The very language of the statute precludes any other step, for it says the judgment, if written notice of the action has been given to the indemnitors, "shall be conclusive evidence of his (sheriff's) right to recover against the sureties."

It is true the record is silent as to whether the five days' notice was given. If it was not given to the indemnitors, we think their remedy was to file a motion in the lower court asking that the judgment against them be vacated, so that they might show that they had discharged or satisfied the judgment, and, if such motion were overruled, to appeal therefrom. In other words, it appears to us that the lower court had jurisdiction of both the subject matter and the persons of the indemnitors, and, that being true, the failure to give the five days' notice would be an ir-

regularity that should have been called to the attention of the lower court for correction.

The presumption is that the notice was given, and that the judgment is regular. If it were otherwise, it could have been shown by affidavit and motion. This was not done. As the record is presented to us, we cannot presume that the five days' notice was not given, for the presumption is that the trial court proceeded according to law. *Ives* v. *Sanguinetti,* 18 Ariz. 552, 164 Pac. 435; *Hunter* v. *Daze,* 19 Ariz. 310, 170 Pac. 788.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.